**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH RAY CRABLE,

      Petitioner,               Civil No. 2:06-CV-14861
                                 HONORABLE NANCY G. EDMUNDS
v.                           UNITED STATES DISTRICT JUDGE

JERI-ANN SHERRY,

      Respondent,
_____/

**OPINION AND ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS**

Kenneth Ray Crable, ("Petitioner"), presently confined at the Chippewa

Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner

challenges his conviction for one count of third-degree criminal sexual conduct,

M.C.L.A. 750.520d(1)(a), one count of third-degree criminal sexual conduct,

M.C.L.A. 750.520d(1)(c); and being a second felony habitual offender, M.C.L.A.

769.10.  For the reasons stated below, the petition for writ of habeas corpus is

**DENIED.**

## I.  Background

Petitioner pleaded *nolo contendere* to the above charges on November 12,

2004, pursuant to a sentence agreement made with the trial court pursuant to

*People v. Cobbs*, 443 Mich. 276; 505 N.W. 2d 208 (1993).  Prior to the plea,

petitioner's counsel requested a preliminary sentencing evaluation pursuant to *Cobbs* and indicated that the prosecutor and defense counsel had both calculated petitioner's minimum sentencing guidelines as 30-62 months. The trial court judge indicated that he would agree to sentence petitioner within the sentencing guidelines as he calculated them at sentencing, and if the court exceeded the sentencing guidelines, petitioner would be permitted to withdraw his plea. Petitioner was advised of the constitutional rights that he would be relinquishing by pleading *nolo contendere.*

Petitioner's sentencing guidelines were scored as 78-162 months by the probation department. On December 10, 2004, petitioner was sentenced to 87 to 22 ½ years in prison on the two counts, with the sentences to run concurrently with each other but consecutive to petitioner's parole violation.

Petitioner subsequently moved to withdraw his plea, which was denied.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Crable,* 268292 (Mich.Ct.App. April 20, 2006); *lv. den.* 477 Mich. 868; 721 N.W. 2d 196 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. [Petitioner] should be allowed to withdraw his invalid plea where: (1) he received a sentence greater than the *Cobbs* agreement and the court did not give him an opportunity to withdraw his plea; (2) his plea was illusory in the first place and where he could not have been found guilty of 750.520d(1)(c) where it is unclear which theory of the

statute he was prosecuted under, whether incapacitated or physically helpless victim, where the alleged victim was 16 years old, not incapacitated or physically helpless, and [Petitioner] did not know or have reason to know, that the victim was either; and where (3) [Petitioner] received ineffective assistance of counsel for, *inter alia*, the failure to object to legal errors.

II. [Petitioner] must be resentenced where (1) his guidelines were scored incorrectly and the trial court failed to address this issue; (2) he was sentenced with conduct which was not proved beyond a reasonable doubt or pled to by [Petitioner]; (3) he was sentenced outside of the *Cobbs* agreement; and where (4) he was sentenced without the opportunity to address the inaccurate information in his PSIR.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs

3

when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claim # 1. The plea withdrawal claim.**

Petitioner first claims that he should have been permitted to withdraw his no contest plea for a number of reasons.

Initially, the Court observes that petitioner has no absolute right to withdraw his no contest pleas. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748, 655 (E.D. Mich. 2005)(internal citations omitted). Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty or no contest plea is discretionary with the state trial court. *Id.*

A guilty or no contest plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty or no contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927

F. 2d 256, 257 (6th Cir. 1991).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty or no contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty or no contest plea was properly made are generally accorded a presumption of correctness.  Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*  A federal court will uphold a state court guilty or no contest plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. *Shanks,* 387 F. Supp. 2d at 749.

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984).  A plea of guilty (or no contest) entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or

perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

Petitioner initially claims that the trial court judge breached the terms of the original sentencing agreement when he failed to sentence petitioner within the sentencing guidelines range of 30-62 months that had been calculated by defense counsel.

An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *Myers v. Straub,* 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001). Moreover, any promises made by a judge in the course of a guilty plea colloquy operate as a promise made by the state in exchange for a defendant's waiver of rights and guilty plea. *See Spencer v. Superintendent, Great Meadow Correctional Facility,* 219 F. 3d 162, 168 (2nd Cir. 2000). However, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Myers,* 159 F. Supp. 2d at 627.

In the present case, the trial court judge indicated that he would agree to sentence petitioner within the sentencing guidelines as he calculated them at the time of sentencing. The trial court further advised petitioner of the maximum penalties for the crimes that he was entering a plea to. Petitioner's sentencing guidelines were scored at 78-162 months for the minimum sentence. The trial court sentenced petitioner to a minimum sentence of eighty seven months,

which was within this sentencing guidelines range. [1] The trial court judge never

agreed to sentence petitioner within a sentencing guidelines range of 30-62

months. Because the trial court judge clearly indicated that he would sentence

petitioner within the sentencing guidelines as he calculated them at sentencing

and petitioner expressly denied the existence of any other promises at the time

of the plea, petitioner is unable to show that the trial court breached the

sentencing agreement entered into pursuant to *Cobbs* or that petitioner had any

reasonable belief that he would be sentenced within a guidelines range of 30-62

months in prison. *See Wright v. Lafler,* 2007 WL 2566042, * 3-4 (6th Cir.

September 5, 2007). Because a clear reading of the *Cobbs* agreement show

that the trial court promised that he would be willing to sentence petitioner within

the sentencing guidelines range as he they were calculated at sentencing,

petitioner has failed to show that the original terms of the *Cobbs* agreement were

breached by the trial court judge. *Myers,* 159 F. Supp. 2d at 628.

Petitioner also claims that his plea was involuntary with respect to the

charge involving Latesha Hutchison because he did not know which theory of

M.C.L.A. 750.520d(1)(c) was being used by the prosecutor to prosecute

petitioner. It is true that where a defendant pleads guilty to a crime without

having been informed of the crime's elements, the voluntary, knowing, and

---

[1] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)).

intelligent standard for a guilty plea is not met and the plea is invalid. *See Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005).  However, when the elements of a crime are easily understood, the reading of the indictment, or even a summary of the charges in the indictment, is sufficient to advise a defendant of the elements of the crime to which he is pleading guilty. *See United States v. Valdez,* 362 F. 3d 903, 910 (6th Cir. 2004).

In the present case, the information filed by the prosecutor in the Oakland County Circuit Court indicated that petitioner was charged with engaging in sexual penetration with the victim while knowing or having reason to know that she was physically helpless. [2]  Petitioner was therefore put on notice as to which theory under 750.520d(1)(c) that he was being prosecuted for.

To the extent that petitioner is contending that his plea to this one count should have been withdrawn because he was innocent of the charge, he is not entitled to habeas relief either.  Bald assertions of innocence are insufficient to permit a defendant to withdraw his or her guilty plea. *United States v. Jones*, 336 F. 3d 245, 252 (3rd Cir. 2003).  "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (internal quotation omitted).  The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal. *Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996).  Petitioner's mere recantation

---

[2]  A copy of the information is attached to the petition as Exhibit H.

of his *nolo contendere* plea, without any support, would therefore be insufficient to have his plea overturned. *Id.* For a plea withdrawal motion to be successful, a defendant must set forth a legally cognizable defense to the charges against him or her, which requires more than a general denial to put the government to its proofs; rather, a defendant must affirmatively advance an objectively reasonable argument that he or she is innocent. *United States v. Weaver*, 112 F. Supp. 2d 1, 7-8 (D.D.C. 2000)(internal citations omitted).

Under Michigan law, a person is guilty of third-degree criminal sexual conduct if he engages in sexual penetration and "knows or has reason to know that the victim is mentally incapable, mentally incapacitated, or physically helpless." *See Ahlers v. Schebil,* 994 F. Supp. 856, 873 (E.D.Mich. 1998)(citing M.C.L.A. 750.520d(1)(c)). The criminal sexual conduct statute defines a physically helpless victim as including a person who is asleep when the sexual assault takes place. *See People v. Berlin,* 202 Mich.App. 221, 225, n. 3; 507 N.W.2d 816 (1993)(citing M.C.L.A. 750.520a(I)).

In the present case, the police report that was used to make out the factual basis for petitioner's *nolo contendere* plea for this charge contained a statement by the victim in which she indicated that she woke up in the middle of the night with petitioner on top of her having sexual intercourse. The statement shows that the victim was asleep when petitioner sexually assaulted her. Petitioner has presented no evidence to this Court, other than his self-serving

statements, to indicate that the victim was not asleep at the time of the assault. Any conclusory allegation of innocence is therefore insufficient to permit him to withdraw his *nolo contendere* plea. *See United States v. Clark,* 429 F. Supp. 89, 93 (W.D. Okla. 1976); *See also Dunn v. Bell*, 2006 WL 3206125, *2 (E.D. Mich. November 6, 2006).

Petitioner also appears to argue that his plea to both charges was involuntary because the trial court failed to advise him that any prison sentence that he received would have to be served consecutively to any sentence that he received for violating parole. A defendant need only be made aware of the direct consequences of a guilty plea for the plea to be made voluntarily and intelligently; a trial court is under no obligation to inform a defendant of all possible collateral consequences of a plea. *King,* 17 F. 3d at 153; *Myers,* 159 F. Supp. 2d at 628. Whether a sentence runs consecutive or concurrent to other sentences is not considered a direct consequence of a guilty or *nolo contendere* plea, for determining whether a defendant voluntarily entered a guilty plea with a full understanding of the direct consequences of the plea. *See United States v. Ferguson,* 918 F. 2d 627, 630 (6th Cir. 1990). Therefore, the trial court's failure to advise petitioner that his sentences in this case would have to be served consecutively to his prior sentence would not invalidate his pleas.

Petitioner also claims that his pleas should be set aside because he was denied the effective assistance of trial counsel. To prevail on his ineffective

assistance of counsel claim, petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first claims that counsel failed to advise him that the sentencing guidelines range of 30-62 months as stated by counsel at the time of the plea hearing was only a preliminary range and that the guidelines range could change based on information received by the probation department.

Petitioner is not entitled to withdraw his plea on this basis for two reasons. First, it appears that counsel calculated the sentencing guidelines range based on petitioner's representation to him that he had only one felony conviction and one prior misdemeanor conviction. At sentencing, petitioner acknowledged that he had been convicted of Operating Under the Influence of Liquor, Third Offense, which is was an additional felony, and not a misdemeanor, as petitioner appears to have implied to counsel. Petitioner also had an extensive juvenile court record that he failed to advise counsel of. Because defense counsel's erroneous estimation of petitioner's sentencing guidelines range was the result of petitioner's own omissions or deceptions, petitioner is not entitled to withdraw

his plea on the basis that his counsel provided him with inaccurate advice regarding his sentencing guidelines range. *See Mix v. Robinson,* 64 Fed. Appx. 952, 956-57 (6th Cir. 2003). Moreover, because the trial court did not agree to sentence petitioner within the specific sentencing guidelines range of 30-62 months, petitioner is unable to show that he was prejudiced by counsel's miscalculation of the guidelines. *Id.*

Petitioner next claims that counsel was ineffective for failing to move to withdraw petitioner's plea when the trial court judge breached the *Cobbs* agreement. Because the trial court did not violate the terms of the *Cobbs* agreement, counsel's failure to advise petitioner of his right to withdraw his *nolo contendere* plea did not constitute ineffective assistance of counsel. *See Lucero v. Kerby,* 7 F. 3d 1520, 1522 (10th Cir. 1993).

Petitioner also contends that trial counsel was ineffective for failing to object to the lack of clarity as to which theory petitioner was being prosecuted under for the charge involving Latesha Hutchison. To prove that counsel's failure to inform a defendant of all of the elements of the offense rendered the plea involuntary, the defendant must not only show that the attorney failed to inform him or her of the elements but must also:

> 1. show that the element was a critical element of the offense;
> 2. overcome the presumption that the attorney explained this element to him or her at some time prior to the guilty plea, and,
> 3. demonstrate that, prior to entry of the guilty plea, he or she did not receive notice of this element from any other source.

*Miller v. Champion*, 161 F. 3d 1249, 1255-1256 (10th Cir. 1998).

In this case, as mentioned above, the information clearly informed petitioner that he was being charged with sexually assaulting the victim while she was physically helpless. This ineffective assistance of counsel claim is therefore without merit.

Petitioner also claims that counsel was ineffective for failing to advise him that any sentences that he received on these new charges would have to be consecutive to his prior sentence. The failure by counsel to advise a defendant of the collateral consequences of a guilty plea is not ineffective assistance of counsel. *See United States v. Banda,* 1 F. 3d 354, 356 (5th Cir. 1993). Because a consecutive sentence is a collateral consequence of petitioner's plea, counsel was not ineffective for failing to advise petitioner that these sentences would have to be served consecutively to his old sentence.

Assuming that counsel was deficient, petitioner is unable to show that he was prejudiced by counsel's deficiencies regarding the advice to plead no contest. In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty (or no contest) plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely

on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or no contest. *See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty or no contest, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *Doyle v. Scutt,* 347 F. Supp. 2d at 484; See also *Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001). A habeas petitioner's conclusory allegation that, but for an alleged attorney act or omission he or she would not have pleaded guilty, is therefore insufficient to prove such a claim. *Garrison,* 156 F. Supp. 2d at 829.

In the present case, petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading no contest. *See Shanks,* 387 F. Supp. 2d at 750. Petitioner does not indicate what defenses, if any, that he had to these charges, particularly the charge involving Abbie Miles, who was fifteen years old at the time of the offense. Because petitioner does not explain what viable defense that he had in this case, he has failed to show that counsel was ineffective in advising him to plead no contest. *Id.*

14

Petitioner next contends that counsel was ineffective at sentencing.

Petitioner first contends that counsel was ineffective for failing to object to the scoring of several sentencing guidelines variables. A trial counsel's failure to object to the improper application of the sentencing guidelines may amount to the ineffective assistance of counsel. *United States v. Burnett,* 55 F. Supp. 2d 410, 413 (D.S.C. 1999)(internal quotation omitted). "It follows that there can be no ineffective assistance without an improper application of the guidelines." *Id.* Counsel is not ineffective for failing to make a legally untenable objection to the sentencing guidelines. *See Riza v. United States,* 933 F. Supp. 331, 335 (S.D.N.Y. 1996).

Petitioner first claims that trial counsel should have objected to him receiving five points of Prior Record Variable (PRV) 4 for having two low severity juvenile adjudications, because he claims that one of these prior adjudications, Attempted UDAA, was a misdemeanor, not a felony. However, petitioner has failed to present any evidence to either the state courts or to this Court to establish that this prior adjudication was for a misdemeanor, not a felony. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *Malcum v. Burt,* 276 F. Supp. 2d 664, 685 (E.D. Mich. 2003).

Petitioner next claims that he should not have received ten points under Offense Variable (OV) 3 for "bodily injury requiring medical treatment [which]

occurred to the victim" regarding the victim Abbie Miles. However, the victim's father told the pre-sentence investigator that his daughter had become infected by petitioner with a sexually transmitted disease which required medical treatment. Because a sexually transmitted disease qualifies as personal injury under M.C.L.A. 750.520a(1), petitioner is unable to show that the scoring of OV 3 was erroneous.

Petitioner also contends that counsel should have objected to petitioner being scored ten points under OV 4 for serious psychological injury requiring professional treatment regarding Hutchison. Petitioner acknowledges, however, that the victim was suffering depression as a result of the sexual assault and was receiving psychological treatment. Petitioner is therefore unable to show that the scoring of this guideline was erroneous.

Petitioner further contends that counsel failed to object to him being scored ten points under OV 10 for exploiting a victim's "physical disability, mental disability, youth or agedness, or a domestic relationship or the offender abused his or her authority status." With respect to the case involving Abbie Miles, the victim was fifteen years old and was five years younger than petitioner. With respect to Latesha Hutchison, the victim had an emotional impairment, was a neighbor of petitioner's, and was asleep at the time of the sexual assault. Under these facts, petitioner has failed to show that counsel was ineffective for failing to object to petitioner being assessed ten points for

16

exploiting these victims.

Because petitioner has failed to show that his counsel acted deficiently with respect to the scoring of the guidelines, his ineffective assistance of counsel claims fails. *See Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 911 (E.D. Mich. 2006).

Petitioner next contends that he was deprived the effective assistance of counsel because his original counsel did not review the pre-sentence investigation report with him prior to sentencing and he only had an opportunity to briefly review the report with substitute counsel on the day of sentencing. Petitioner was not denied the effective assistance of counsel because of his original counsel's failure to show him the pre-sentence report until the day of sentencing, because as long as petitioner was given an opportunity to review the pre-sentence report, petitioner could not claim that counsel was so deficient that he was not functioning as the counsel guaranteed under the Sixth Amendment. *See Licquia v. United States,* 896 F. Supp. 709, 711 (E.D. Mich. 1995). Moreover, petitioner has failed to identify any discrepancies in the pre-sentence report which prejudiced him.  Accordingly, he is not entitled to habeas relief on this claim.

In conclusion, petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims, because the Michigan courts' rejection of his claims constituted a reasonable application of *Strickland. See Pearl v. Cason,*

17

219 F. Supp. 2d 820, 829 (E.D. Mich. 2002).

**B. Claim # 2. The sentencing claims.**

Petitioner next alleges various errors with respect to his sentences.

Petitioner first contends that he was not afforded an opportunity to address any inaccuracies in his pre-sentence investigation report. There is no federal constitutional right to a pre-sentence investigation and report. *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001)(internal citation omitted). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Id.* Moreover, petitioner's claim that the trial court failed to correct the inaccuracies in his pre-sentence report, in violation of M.C.R. 6.429, is noncognizable in federal habeas review, because it involves an issue of state law. *See e.g. Koras v. Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds,* 123 Fed. Appx. 207 (6th Cir. 2005). Petitioner's next claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *See also Shanks,* 387 F. Supp. 2d at 752.

Petitioner also contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing

guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner.

In support of his claim, petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004)*,* in which the U.S. Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme.  Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence.  The maximum sentence is not determined by the trial judge but is set by law. See *People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006); *cert. den. sub nom Drohan v. Michigan,* 127 S. Ct. 592 (2006); *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(both citing M.C.L.A. 769.8).  "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161.  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich.

19

247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)).  Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14.  Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Court's holding in *Blakely. Drohan,* 475 Mich. at 164.

The decision in *Blakely v. Washington*, has no application to petitioner's sentence.  Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09.  Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights, so as to entitle him to habeas relief. See *Worley v. Palmer,* 2006 WL 2347615, * 2 (E.D. Mich. August 11, 2006); *Toothman v. Davis,* 2006 WL 2190515, * 2 (E.D. Mich. August 1, 2006).

The maximum penalty for third-degree criminal sexual conduct in Michigan is fifteen years.  The maximum sentence for being a second felony habitual offender is one and a half times the maximum sentence of the underlying felony. Because petitioner's sentence of eighty seven months to twenty two and a half years was within the statutory maximum for third-degree criminal sexual conduct and being a second felony habitual offender, petitioner is not entitled to habeas relief on his sentencing claim. *See Stephenson v. Renico,* 280 F. Supp. 2d 661,

20

669 (E.D. Mich. 2003).

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The

Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  October 11, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 11, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager